IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY, ) | No. C 12-5459 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER OF PARTIAL DISMISSAL; |
| ) | ORDER OF SERVICE; DIRECTING |
| v. ) | DEFENDANTS TO FILE |
| ) | DISPOSITIVE MOTION OR |
| M,. CHAVEZ-EPPERSON, et al., ) | NOTICE REGARDING SUCH |
| ) | MOTION |
| Defendants. ) | |
| ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, the Court DISMISSES the complaint in part, and serves the remainder of the complaint.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),

(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Plaintiff sues two mailroom employees. The statement of facts allege several events which took place between February 23, 2012, and August 1, 2012. Liberally construed, plaintiff states a cognizable claim of a violation of his First Amendment rights to send and receive mail.

Plaintiff's remaining claims of conspiracy, discrimination, fraud, harassment, tampering, retaliation, and invasion of privacy are conclusory, and thus, DISMISSED with leave to amend. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). If plaintiff believes in good faith that he can state a claim for relief for these allegations in compliance with Rule 8(a), he may file an amended complaint within thirty days from the filing date of this order.

**CONCLUSION**

For the foregoing reasons, the court orders:

1.  Plaintiff's conspiracy, discrimination, fraud, harassment, tampering, retaliation, and invasion of privacy claims are DISMISSED with leave to amend. If plaintiff wishes to amend his complaint to include these claims, he must file an AMENDED COMPLAINT within thirty days of the filing date of this order. The amended complaint must include the caption and civil case number used in this order (C 12-5459 RMW (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance**

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.12\Hardaway450dissrv.wpd      2

1  **with this order will result in the court proceeding with only the claim regarding a violation**
2  **of plaintiff's First Amendment's right to send and receive mail.**  "[A] plaintiff waives all
3  causes of action alleged in the original complaint which are not alleged in the amended
4  complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not
5  named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d
6  1258, 1262 (9th Cir. 1992).

7      2.    The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of
8  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
9  and all attachments thereto (docket no. 1), and a copy of this order to **Mailroom Supervisor M.**
10 **Chavez-Epperson and Mailroom Employee L. Matsuno** at **SVSP.**

11     The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this
12 order to the California Attorney General's Office.  Additionally, the clerk shall mail a copy of
13 this order to plaintiff.

14     3.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
15 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
16 Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
17 behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
18 the cost of such service unless good cause is shown for their failure to sign and return the waiver
19 form.  If service is waived, this action will proceed as if defendants had been served on the date
20 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required
21 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
22 was sent.  (This allows a longer time to respond than would be required if formal service of
23 summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the
24 waiver form that more completely describes the duties of the parties with regard to waiver of
25 service of the summons.  If service is waived after the date provided in the Notice but before
26 defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
27 on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.Rmw\CR.12\Hardaway450dissrv.wpd    3

1 filed, whichever is later.

2     4.    No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

        a.    If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

    5.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    6.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

    7.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    8.    All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Service; Directing Defendants to File Disposition Motion
G:\PRO-SE\SJ.Rmw\CR.12\Hardaway450dissrv.wpd     5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

        Plaintiff,

  v.

M. CHAVEZ-EPPERSON et al,

        Defendant.

Case Number: CV12-05459 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sonny Ray Hardaway P-45579
Kern Valley State Prison
PO Box 5102
134-101
Delano, CA 93216

Dated: March 27, 2013

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk