IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>        Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY SUPERIOR COURT, et al.,<br><br>        Defendants. | No. C 13-3926 RMW (PR)<br><br>ORDER OF DISMISSAL;<br>ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |

Plaintiff, a state prisoner proceeding pro se, filed a petition for writ of mandate pursuant to 28 U.S.C. § 1651. His petition is now before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the petition is DISMISSED.

**BACKGROUND**

Plaintiff was convicted in 1999 in the Superior Court of Alameda County. In 2012, plaintiff filed a petition for writ of habeas corpus in Superior Court, challenging his criminal conviction, which was denied. That same year, plaintiff filed a writ of mandate in the California Court of Appeal, which was also denied. Finally, plaintiff filed a petition for writ of mandate in the California Supreme Court, which was denied. Plaintiff has now filed a petition for mandate in this court in which he requests that the federal court compel the Superior Court to overturn its denial of plaintiff's state petition for writ of habeas corpus, challenging his criminal conviction.

**DISCUSSION**

A.   <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). <u>Pro se</u> pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

B.   <u>Analysis</u>

The All Writs Act, 28 U.S.C. § 1651, provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The All Writs Act "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." <u>Malone v. Calderon</u>, 165 F.3d 1234, 1237 (9th Cir.1999). There is no jurisdictional basis for plaintiff's action separate from the All Writs Act.

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The statute only allows mandamus to compel federal actors and agencies; federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." <u>Demos v. U.S. District Court</u>, 925 F.2d 1160, 1161-62 (9th Cir.1991) (imposing no filing in forma pauperis order); <u>Newton v. Poindexter</u>, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees). Plaintiff cannot obtain a writ of mandamus compelling a particular result by the Superior Court of Alameda County. As such, plaintiff's action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

## CONCLUSION

The petition is DISMISSED WITH PREJUDICE for failure to state a claim. This is not a pleading deficiency that can be cured by amendment: the law is quite settled that a federal district court cannot compel a state court to take a particular action. Because it is abundantly clear that any effort to amend the petition would be futile, the court will not grant leave to amend.

Moreover, plaintiff's application for leave to proceed in forma pauperis is DENIED. See Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) ("the court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); Smith v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) (" It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

**IT IS SO ORDERED.**

DATED:  _____

_/s/ Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

Order of Dismissal; Order Denying Application for Leave to Proceed In Forma Pauperis
G:\PRO-SE\RMW\CR.13\Hardaway926dism.wpd    3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>        Plaintiff,<br><br>  v.<br><br>M. CHAVEZ-EPPERSON et al,<br><br>        Defendant. | Case Number: CV12-05459 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 3, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sonny Ray Hardaway P-45579
Kern Valley State Prison
PO Box 5102
134-101
Delano, CA 93216

Dated: February 3, 2014

                                                          Richard W. Wieking, Clerk
                                                          By: Jackie Lynn Garcia, Deputy Clerk