IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SONNY RAY HARDAWAY, | ) | No. C 12-5459 RMW (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS; GRANTING MOTION TO DISMISS |
| v. | ) ) | |
| M. CHAVEZ-EPPERSON, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court granted plaintiff's motion to proceed in forma pauperis ("IFP"), and served the complaint on defendants. Defendants have filed a motion to revoke plaintiff's IFP status and dismiss the action. Plaintiff has filed an opposition, and defendants have filed a reply. Defendants' request for judicial notice is GRANTED. For the reasons stated below, the court GRANTS defendants' motion.

**DISCUSSION**

A. Motion To Revoke IFP Status

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

1  brought an action or appeal in a court of the United States that was dismissed on the grounds that
2  it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the
3  prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The phrase
4  "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the
5  language of Federal Rule of Civil Procedure 12(b)(6)." Andrews v. King, 398 F.3d 1113, 1121
6  (9th Cir. 2005).  A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or
7  importance: having no basis in law or fact." Id. (internal quotation and citation omitted).

        The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).  Plaintiff has the burden of proving that he is in imminent danger of serious physical injury.

B.    Plaintiff's Prior "Strikes"

        Defendants allege that while incarcerated, plaintiff has filed fifteen actions that have been dismissed on the basis that they were frivolous, malicious, or failed to state a claim.  They set forth the following cases: (1) Hardaway v. Board of Prison Term, No. C 91-0658-CAL (N.D. Cal. March 7, 1991) (dismissing complaint for failure to state a claim) (Req. Judicial Not., Ex. A); (2) Hardaway v. Money, et al., No. 01-0458-FDC-DAD (E.D. Cal. March 7, 2001) (adopting report and recommendation to dismiss action for failure to state a claim) (Req. Judicial Not., Ex. E); (3) Hardaway v. Wright, et al., No. 01-0958-GEB-DAD (E.D. Cal. May 17, 2001) (adopting report and recommendation dismissing the case for failure to state a claim) (Req. Judicial Not., Ex. J); (4) Hardaway v. Runnels, et al., No. 06-0451-ALA (E.D. Cal. March 6, 2006) (dismissing action and directing that it count as a "strike," pursuant to Section 1915(g)) (Req. Judicial Not., Ex. N); (5) Hardaway v. State of California, No. 06-0695-MCE-EFB (E.D. Cal April 19, 2006) (adopting report and recommendation dismissing action for failure to file a timely amended complaint) (Req. Judicial Not., Exs. R, S); (6) Hardaway v. Dept. of Corrections, et al., No. 06-1588-GEB-GGH (E.D. Cal. July 17, 2006 (same) (Req. Judicial Not., Exs. W, X); (7) Hardaway v. Olsen, et al., No. 06-1406-LJO-LJO (E.D. Cal. Oct. 5, 2006) (same) (Req. Judicial Not., Exs. CC, DD); (8) Hardaway v. Access Securepak, et al., No. 07-0254-OWW-SMS (E.D. Cal. Feb. 7,

1    2007) (adopting report and recommendation that action be dismissed for failure to state a claim)
2    (Req. Judicial Not., Exs. HH, II); (9) Hardaway v. State of California, et al., No. 08-1663-PMP-
3    GWF (E.D. Cal. July 18, 2008) (same) (Req. Judicial Not., Exs. LL, MM); (10) Hardaway v.
4    Twleve Jurors, No. 06-2983 JF (N.D. Cal. May 3, 2006) (dismissing for failure to state a claim
5    and recognizing that plaintiff has had three strikes pursuant to Section 1915(g)) (Req. Judicial
6    Not., Ex. PP); (11) Hardaway v. Barni, et al., No. 06-3637 JF (N.D. Cal. June 8, 2006) (same)
7    (Req. Judicial Not., Ex. RR); (12) Hardaway v. Lambden, et al., No. 06-6578 JF (N.D. Cal. Oct.
8    23, 2006) (same) (Req. Judicial Not., Ex. T); (13) Hardaway v. Specter, No. 06-6786 JF (N.D.
9    Cal. Nov. 1, 2006) (same) (Req. Judicial Not., Ex. VV); (14) Hardaway v. Fogel, No. 08-3677
10   WHA (N.D. Cal. Aug. 1, 2008) (dismissing action for failure to state a claim) (Req. Judicial
11   Not., Ex. YY); and (15) Hardaway v. County of Alameda, et al., No. 08-4322 JF (N.D. Cal. Sept.
12   15, 2008) (dismissing action under Heck v. Humphrey, 512 U.S. 477 (1994)) (Req. Judicial Not.,
13   Ex. DD).

14         In opposition, plaintiff does not argue that any of those fifteen cases would not count as a
15   strike. A review of these cases demonstrate that they all qualify as "strikes" pursuant to Section
16   1915(g). First, cases that are dismissed for failure to state a claim clearly count as strikes.
17   Andrews, 398 F.3d at 1121 ("[Section] 1915(g) should be used to deny a prisoner's IFP status
18   only when, after careful evaluation of the order dismissing an action, and other relevant
19   information, the district court determines that the action was dismissed because it was frivolous,
20   malicious or failed to state a claim."). Second, a dismissal for failure to prosecute an action
21   constitutes a strike when it is based upon the plaintiff's failure to file an amended complaint after
22   the original complaint is dismissed for failure to state a claim. See, e.g., Peralta v. Martel, 2010
23   WL 2629060, *5 (E.D. Cal. 2010) (dismissal for failure to prosecute without prejudice for failure
24   to file an amended complaint constituted a "strike" under Section 1915(g) where it was "clear
25   from the district court's reasoning that failure to state a claim was a fully sufficient condition for
26   dismissing" the complaint). Finally, when a case is dismissed under Heck, the complaint "fails
27   to state a claim upon which relief can be granted;" as such, the dismissal is a "strike" under
28   Section 1915(g). See Johnson v. Fritz, No. 10-01673 EJD, 2011 WL 4830940, at *3 (N.D. Cal.

1  Oct. 12, 2011); Hamilton, v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which
2  falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.
3  1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim.").
4     Lastly, plaintiff makes no assertion, and the allegations in the complaint do not
5  demonstrate, that he is under "imminent danger of serious physical injury" within the meaning of
6  Section 1915(g).

## CONCLUSION

8     Accordingly, defendants' motion to revoke plaintiff's IFP status is GRANTED.
9  Plaintiff's IFP status is REVOKED.  Defendants' motion to dismiss is GRANTED.  This action
10 is DISMISSED without prejudice to re-filing if plaintiff pays the filing fee.
11    The Clerk shall terminate all pending motions and close the file.
12    IT IS SO ORDERED.
13 DATED:  _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

        Plaintiff,

  v.

M. CHAVEZ-EPPERSON et al,

        Defendant.

Case Number: CV12-05459 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 3, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sonny Ray Hardaway P-45579
Kern Valley State Prison
PO Box 5102
134-101
Delano, CA 93216

Dated: February 3, 2014

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk